IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| | CIVIL NO. |
| EILEEN RAMOS ROSARIO, | |
| PLAINTIFF, | AGE DISCRIMINATION; RACE AND/OR COLOR DISCRIMINATION, ACT NO. 115 OF DECEMBER 20, 1991; ARTICLE 1802 OF THE PUERTO RICO CIVIL CODE; CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO. |
| v. | |
| UNIVERSITY OF PUERTO RICO D/B/A UNIVERSITY OF PUERTO RICO IN CAROLINA, JOSÉ MARTÍNEZ ROSADO, RAFAEL MÉNDEZ TEJEDA, JOSÉ AYALA PÉREZ, JOSÉ MEZA PEREIRA, JOHN DOE, RICHARD ROE, NANCY DOE, INSURANCE COMPANY A, INSURANCE COMPANY B, INSURANCE COMPANY C., | |
| DEFENDANTS. | |
| | COMPLAINT |

TO THE HONORABLE COURT:

Comes now plaintiff, EILEEN RAMOS ROSARIO, through her undersigned attorney, and very respectfully, states, alleges, and prays as follows:

## I. JURISDICTION AND VENUE

1. This is a Civil Action for damages brought pursuant to Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 etseq. ("ADEA"); and Puerto Rico Law No. 115 of December 20, 1991, seeking

compensatory, punitive, double and liquidated damages, and equitable and injunctive relief to seek redress for defendant's discrimination on the basis of age, race and retaliation against Eileen Ramos Rosario.

2. This Court has jurisdiction over this matter pursuant to section 7 of the ADEA, 29 U.S.C. § 626(c)(1) and under 28 U.S.C.A. §§ 1331 and 1343(a)(4). Its supplemental jurisdiction is also invoked to hear and decide supplemental claims arising under Law No. 115 of December 20 of 1991, pursuant to 28 U.S.C. §1367(a) and (c), to hear the Commonwealth of Puerto Rico law claims because these are so related to other claims as to which this Court has original jurisdiction that they form part of the same case and controversies under Article III of the United States Constitution.

3. Plaintiff has complied with all the jurisdictional prerequisites to an action under Title VII and ADEA, as follows:

a. On December 29, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission of Puerto Rico, hereinafter "EEOC", claiming that she has been suffering from Age and Race and/or Color discrimination in her employment, in violation of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act, respectively. (Charge No. 515-2021-00082).

b. On August 31, 2021, the EEOC issued the Notice of Right to Sue.

c. Plaintiff is thus timely filing this action within ninety (90) days of the receipt of the Notice of Right to Sue.

4. Venue is proper pursuant 28 U.S.C.A. § 1391. This is the judicial district were the events and/or omissions giving rise to the claims occurred.

## II. PARTIES

5. Eileen Ramos Rosario, hereinafter Ramos Rosario, is of legal age, single, a citizen of the United States, and resident of Gurabo, Puerto Rico.

6. Ramos Rosario was born on April 9, 1954.

7. At all relevant times, Ramos Rosario was an employee under the provisions of ADEA, 29 U.S.C. §630 (a) (1) and is within the protected age class under the ADEA, 29 U.S.C. §631(a).

8. University of Puerto Rico, d/b/a University of Puerto Rico in Carolina, hereinafter referred to as UPRC, is the main public university system in the Commonwealth of Puerto Rico. It is a government-owned corporation created by Laws no. 1, No. 2, and No. 3 of January20, 1966, as amended; Law NO. 16 of June 16, 1993, as amended, and Law No. 186 of August 7, 1998, with authority to sue and be sued. Its physical address is Jardín Botánico Sur. 1187 Calle Flamboyán San Juan, PR 00926-1117. Its mail address is P.O. Box 23400 San Juan, P.R. 00931-3400. Its telephone number is (787) 250-0000. It employs more than one hundred (100) employees.

9. UPRC in Carolina, was at all times relevant to this Complaint, Plaintiff's employer.

10. At all times relevant herein, UPRC was an "employer" under the ADEA, 29 U.S.C. § 630(b), and No. Law No. 115 of December 20, 1991.

11.  At all times relevant herein, UPRC is a "person" within the meaning of 29 U.S.C. § 630 (a).

12. UPRC is engaged in an "industry affecting commerce" within the meaning of 29 U.S.C. § 630 (h).

13.  Co-defendant José Martínez Rosado was at all times relevant to this Complaint the Interim director of the Criminal Justice Department at UPRC.  He was at all times relevant to this complaint plaintiff's direct supervisor and was responsible for the discriminatory acts and omissions alleged hereinbelow. His physical address is unknown. His employer's address is Avenida Sur 2100, Carolina, Puerto Rico, and his postal address is P. O. Box 4800 Carolina, PR 00984-4800.

14.  Co-defendant Rafael Méndez Tejeda was appointed Interim Dean of Academic Affairs and served as such from July 2020 until June 2021, at UPRC. During such time he was the direct supervisor of José Martínez Rosado, the Interim Director of the Criminal Justice Department and was also responsible for the discriminatory acts and omissions alleged hereinbelow. His physical address is unknown. His employer's address is Avenida Sur 2100, Carolina Puerto Rico, and postal is address P. O. Box 4800 Carolina, PR 00984-4800.

15. Co-defendant José Ayala Pérez (" Ayala Pérez") was appointed Interim Dean of Academic Affairs and served as such from June 2021 until the present at UPRC.  During such period, he was the direct supervisor of the José Martínez Rosado, the Interim Director of the Criminal Justice Department and was also

responsible for the discriminatory acts and omissions alleged in this Complaint. His physical address is unknown. His employer's address is Avenida Sur 2100, Carolina, Puerto Rico, with postal address at P. O. Box 4800 Carolina, PR 00984-4800.

16. Co-defendant José Meza Pereira, at all times pertinent hereto, was the Chancellor of UPRC from July 2020 to the present.  During such period, he was the direct supervisor of Rafael Méndez Tejeda, Interim Dean of Academic Affairs and José Ayala Pérez, Interim Dean of Academic Affairs. He was also responsible for the discriminatory and negligent acts and omissions alleged hereinbelow. His physical address is unknown. His employer's address is Avenida Sur 2100, Carolina, Puerto Rico, with postal address at P. O. Box 4800 Carolina, PR 00984-4800.

17. José Meza Pereira as Chancellor of UPRC was, and continues to be, responsible for the supervision of university staff, including teaching, technical, research, and administrative functions, the appointment of deans, department chairpersons, and other personnel and/or staff attached to any particular faculty. Such supervision was and continues to be performed with the recommendations made by different department deans or chairpersons, which include the appointment and hiring of all university staff.

18. Co-defendants John Doe, Richard Roe, and Nancy Doe, are at this time unknown co-defendants who were either natural persons or corporate entities authorized to do business in the Commonwealth of Puerto Rico, who at all relevant times were jointly responsible and liable to plaintiff for the discriminatory acts and

omissions alleged in this Complaint. As soon as plaintiff obtains reliable information to identify such unknown co-defendants, she will move to amend this complaint seek to serve them with process.

19. Co-defendants Insurance Company A, Insurance Company B, and Insurance Company C, are entities organized and/or authorized to conduct insurance business within the Commonwealth of Puerto Rico (hereinafter referred to as "Insurers") who during the periods comprised in the averments of this complaint, provided insurance coverage for any damages caused by the acts or omissions of the named co-defendants. As soon as plaintiff obtains reliable information to identify such unknown co-defendants, she will move to amend this complaint.

## III. THE FACTS

20. Ramos Rosario repeats and incorporates by reference each and every preceding allegation as if fully set herein.

21. Plaintiff is a 67 year old African American licensed attorney, having graduated *Magna Cum Laude* from the University of Puerto Rico School of Law in 1998. At that time, she also earned the Most Outstanding Criminal Law Student Award.

22. In 2019 Plaintiff earned a Master of Law degree (*LLM*) from the University of Puerto Rico School of Law. UPRC approved and granted her a deferred payment of the tuition owed for her Master of Law degree.

6

23. At all times pertinent to this complaint plaintiff was the only professor at UPRC with a Master of Law Degree (LLM).

24. Plaintiff began working at UPRC in 2005 as a part-time Instructor in the Criminal Justice Department with academic loads mostly of nine (9) credits per trimester. She was forty one years of age at the time she commenced working at UPRC.

25. During academic years 2017-2018, 2018-2019 and 2019-2020 Plaintiff had a full-time appointment, with a salary of $4,400 per month plus medical plan coverage, Christmas bonus, accumulation of sick leave days and contributions to the retirement system of university employees, among other marginal benefits.

26. Based on her obtaining a Master of Law degree, plaintiff's teaching rank changed from Instructor to Assistant Professor and her salary was increased from $4,400 to $6,065 monthly.

27. During academic years 2017-2018, 2018-2019 and 2019-2020 Plaintiff has worked as a professor at UPRC with excellent performance evaluations, both from her peers and students.

28. In addition to offering the assigned courses, Plaintiff has performed other tasks inherent to teaching, such as participating and belonging to several departmental committees, actively participating in departmental and faculty meetings, coordinating academic activities for students (lectures, workshops, guided tours to the Local Courts, the Puerto Rico Supreme Court and the UPR Law School) and offering academic counseling to students.

29. Furthermore, during the 3rd trimester of the <u>2019-2020 school year</u> Plaintiff created and designed a new course <u>entitled </u>Legal Aspects of Wrongful Convictions which was a very successful course with the maximum student enrollment quota.

30. Effective September 2019 Dr. José M. Martínez Rosado ("Martínez") was appointed Acting Director of the Department of Criminal Justice ("DJC") of UPRC and near said date he began to incur in a pattern of pervasive discriminatory acts and/or omissions based on race, color and age directed at Plaintiff.

31. Martínez, as Acting Director of the Department of Criminal Justice ("DJC") of the UPRC was responsible for managing, recommending, and approving full-time and part-time appointments of professors and the assignment of courses to full-time and part-time professors.

32.    Martinez appointed Professor Rolando Rivera Guevarez ("Rivera Guevarez") as Coordinator of Supervised Practice in the DJC, an administrative task that is equivalent to three (3) academic course credits. Martínez Rosado recommended such appointment even though Rivera Guevarez was at that time, a part-time professor at UPRC for a short period of time and had no experience coordinating supervised practice. Such appointment was not offered to Ramos despite the fact that she was available and requested to be assigned to such function on account of having the experience and knowledge to perform such task.

33. For the third trimester of the 2019-2020 school year, Martínez assigned Rivera Guevarez a total of 15 credits. During that same period Martínez assigned

8

only 9 credits to Plaintiff, knowing that she had the expertise, seniority and experience to perform 15 credits or more.

34.  Rivera Guevarez is white, younger than Plaintiff and has less seniority as a professor at UPRC, less experience as professor and has fewer academic qualifications than Plaintiff.

35. During the summer of 2020, Martínez Rosado managed, recommended, and assigned Rivera Guevarez to offer a summer course, without considering or offering the summer course to Plaintiff, who had informed Martínez that she was interested and qualified for offering said course.

36. During the 2020-2021 academic year Martínez managed, processed, recommended, and approved a new 12 month full-time temporary appointment for Rivera Guevarez. For the same period, Plaintiff's full time temporary appointment was not renewed despite her request for the renewal and having been qualified and prepared for such full time work performance. Such failure to approve plaintiff's request for a full time schedule, perceived by plaintiff as discriminatory based on the difference in race and age between Rivera Guevarez and plaintiff, resulted in a loss of an annual salary of approximately $48,000.00 and a loss of all marginal benefits related thereto.

37. Besides, the new full time temporary appointment for Rivera Guevarez, Martínez Rosado managed, processed, recommended, and approved new or renewed of 10-12 months full time temporary appointments for other white and younger

professors in relation to plaintiff's race and her age, with less experience and lacking plaintiff's educational background and credentials.

38. Martinez did not manage, process, recommend or approve plaintiff's requested renewal of her 10-month full time temporary appointment that had been timely requested and having fulfilled all requirements for the same.

39. All the other professors who had their temporary appointments renewed were white, younger than Plaintiff, and had less seniority than Plaintiff.

40. During the 2020-2021 school year, plaintiff was the only professor at UPRC who did not receive a renewal of her full-time temporary appointment, despite having requested the same, having had the experience and qualifications to fulfill such appointment.  Such failure to renew the requested appointment at all times was perceived by plaintiff as discriminatory on account of her race and age.

41. During the first semester of the academic year 2020-2021 Martínez assigned Rivera Guevarez a total of 15 credits and recommended to the Department of Forensic Sciences to assign Rivera Guevarez an additional 3 credits. Rivera Guevarez received a total of 18 course credits while for the same period, Martinez assigned to Plaintiff only six course credits. Such failure to provide an equal or greater amount of credits to plaintiff at all times was perceived by plaintiff as discriminatory on account of her race and age.

42. For the 1st semester of the academic year 2020-2021, Martínez assigned Professor Valerie Rivera, white and much younger than plaintiff, a total of six credits and recommended to the Department of Forensic Sciences to assign her 6

additional courses. Professor Valerie Rivera had a total of 12 credits while the plaintiff had only 6 credits. Such failure to provide an equal or greater amount of credits to plaintiff at all times was perceived by plaintiff as discriminatory on account of her race and age.

43.    Professor Valerie Rivera, is white, younger than the Plaintiff, has less seniority, less legal and academic experience, and qualifications than the Plaintiff.

44.    For the 1st semester of the academic year 2020-2021, Martínez Rosado assigned Professors Gautier, Gorbea, Jimenez and others, at least 9 credits, while the Plaintiff was assigned only 6 credits. Such failure to provide an equal or greater amount of credits to plaintiff as opposed to said three professors, at all times was perceived by plaintiff as discriminatory on account of her race and age.

45. Professors Gautier, Gorbea, Jimenez and the others mentioned above are white, younger than Plaintiff, and have fewer academic qualifications than Plaintiff.

46. Also, Martinez assigned to Professor Rivera Guevarez and other professors more online courses than those assigned to Ramos, even though Plaintiff had and has more experience in offering online courses. Martinez originally assigned the online courses created by the Plaintiff to other professor despite an institutional ruling that online courses created by a professor should be assigned to the latter.

47. For the 1st trimester of the 2020-2021 school year, Martínez recommended, managed, processed, and approved the part-time temporary

appointment of Professor Benny Liz Gonzalez Baez, who had never taught at UPRC. Martínez Rosado assigned Professor González Báez six course credits. Plaintiff was qualified to offer such courses, but Martinez never offered them to Plaintiff, even though she had taught such courses in the past.

48. Professor Gonzalez Baez is white, younger than and with less seniority in the UPR system.

49. Martínez, who as Interim Director of the Department of Criminal Justice has the responsibility of making, submitting, and recommending the academic courses offered for each trimester, used this task to manipulate, accommodating, and assigning preferential days and times to Professor Rivera Guevarez and other professors, giving them priority over plaintiff in the assignment of courses.

50. For the second trimester of the 2020-21 school year Martínez assigned Professor Rivera Guevarez, a total of 18 credits. Finally, after the unavailability of a professor (as happened in the 1st semester 2020-21) and at Plaintiff's request, Martínez assigned to Plaintiff one of the courses originally assigned to another professor. The total credits assigned to Plaintiff were 6 credits.

51. For the second trimester of the 2020-21 school year, Martínez originally assigned to Plaintiff only six credits while he assigned nine credits to other white professors, younger than Plaintiff, less qualified, and with less seniority than plaintiffs.

52.   After learning of the complaint filed by Plaintiff with the EEOC, for the third trimester 2020-21 Martínez assigned Professor Rivera Guevarez, a total of 15 credits. For the same period, Martinez assigned to Plaintiff only six course credits.

53.   For the academic year 2021-2022 Martínez managed, processed, recommended, and approved the renewal of the 12 months full time temporary appointment for Rivera Guevarez and other professors, but failed to renew plaintiff's full time temporary appointment without providing an explanation or reason, an omission perceived by plaintiff as discriminatory, in retaliation for having filed an EEOC complaint, and offensive, all based on her race and age, different from all the other professors that did receive such renewals. This failure to renew her full time temporary appointment took place after all the named co-defendants learned that plaintiff had filed an EEOC complaint based on age and race discrimination against UPRC.

54.   <u>During</u> the 1st semester of the academic year 2021-2022, Martínez assigned Prof. Rivera Guevarez a total of 15 credits and recommended to the Department of Forensic Sciences to assign Prof. Rivera Guevarez additional six credits. In summary, Prof. Rivera Guevarez <u>had</u> a total of 21 credits while for the same period, Martínez assigned Plaintiff only three (3) course credits. This action took place after all the named co-defendants learned about the complaint filed by the Plaintiff with the EEOC.

55. During the 1st semester of academic year 2021-2022, Martínez Rosado assigned Professor Gauthier a total of nine (9) credits. For the same period,

Martínez assigned Plaintiff only three (3) course credits. This action took place after all the named co-defendants learned about the complaint filed by the Plaintiff with the EEOC.

56.   Professor Gautier is white, younger than Plaintiff, is not a licensed attorney, and has fewer academic qualifications than Plaintiff.

57. For the 1st semester of the academic year 2021-2022, Martínez assigned Professor Feliciano six credits, and Professors Reynoso Sanchez Cruz three credits respectively. Historically, Plaintiff has offered in the past all those courses, but Martinez never offered them to Plaintiff. This action took place after all the named co-defendants learned about the complaint filed by the Plaintiff with the EEOC.

58. Professors Feliciano, Reynoso and Sanchez Cruz were new part-time appointments, with no previous experience as professors.

59. Professor Professors Feliciano, Reynoso and Sanchez Cruz mentioned above are white, younger than Plaintiff, and have less academic experience and fewer qualifications than Plaintiff's.

60. For the 1st semester of the academic year 2021-2022, Martínez assigned Prof. Rivera Guevarez an online course LESO3207 that Plaintiff had designed, prepared, and offered during the 1st quarter 2020-2021 and 3rd quarter 2020-2021. Martinez never offered that online course to Plaintiff, even when Plaintiff designed the online course and is more qualified to offer it than Rivera Guevarez.

61. Each and every one of the above mentioned averments regarding assignment of credits and courses to professors at UPRC by Martínez Rosado, such

as assignments of credits, part time/full time appointments, and the discriminatory non-renewal of plaintiff's full time temporary appointment were under the direction, supervision, prior knowledge and approval of the Interim Deans of Academic Affairs, co-defendants Mendez Tejeda and /or Ayala Pérez and co defendant Meza Pereira.

## IV. FIRST CAUSE OF ACTION
## AGE DISCRIMINATION UNDER ADEA

62. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the preceding paragraphs.

63. Defendants' conduct constitutes discrimination against plaintiff Ramos Rosario on the basis of age.

64. Ramos Rosario is within the protected age group under the ADEA since she is 67 years of age.

65. At all times relevant herein, Ramos Rosario performed the duties assigned by UPRC fulfilling all requited course expectations. Ramos Rosario has never been admonished or reprimanded for her work at UPRC.

66. Ramos Rosario has been and continues to be treated differently through the disparity in the nature, frequency and substance of her full time and part time appointments receiving less pay, benefits, and other employment considerations than her substantially younger white counterparts.

67. Ramos Rosario has been and continues to be treated differently through the disparity in the nature, frequency, and substance of her course's assignments

and/or receiving less pay, benefits, and other employment considerations than her substantially younger white counterparts.

68. As a result of Defendants' discriminatory acts based on age and race, and her damages resulting from the same, Ramos Rosario is entitled to the losses in income proximately caused by the employer's and codefendants unlawful conduct, including the receipt of the salaries she should have received absent age discrimination.

69. As a result of defendants and UPRC's age discrimination against Ramos Rosario, she is also entitled to injunctive relief in the form of an order to defendant to cease and desist of any further discriminatory treatments against her <u>that are affecting her terms and conditions of employment.</u>

70. UPRC and all defendants have engaged in unlawful and willful employment practices and have discriminated and taken adverse employment actions against Plaintiff on account of her age.

71. As a result of defendants' and employer's discriminatory actions, plaintiff is entitled to back pay, liquidated damages, prejudgment interest, reasonable attorney's fees, and court costs, as well as front pay, in an amount of not less than $500,000.000.

72. Because UPRC's and codefendants' discriminatory and retaliatory practices were willful and recklessly negligent and pervasive, in addition to backpay and front pay, defendants are liable to Ramos Rosario for liquidated damages equal

to twice the amount of her backpay, together with an award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

## V.  SECOND CAUSE OF ACTION
### Race Discrimination (TITLE VII)

73. Ramos Rosario repeats each and every preceding allegation as if fully stated herein.

74. Defendants discriminated and took adverse employment actions against Ramos Rosario because of her race.

75. Ever since the beginning of the 2020 academic year, Ramos Rosario's tenure at UPRC, she was treated differently than other teachers who are not African American, particularly in terms of renewal of her full time temporary appointment, assignments of courses, compensation, and economic benefits.

76. Defendants have engaged in unlawful and willful employment practices and have discriminated and taken adverse employment actions against Plaintiff on account of her race in violation of Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.S. 2000e, et seq.

77. Defendants' conduct constitutes discrimination against Ramos Rosario on the basis of Race. She was treated differently by receiving less pay, benefits, and other employment considerations than the ones received by non-African American teachers' and coworkers.

78. As a result of Defendants' discrimination against Ramos Rosario, she is entitled to the losses in income proximately caused by her employer's unlawful conduct and willful blindness, and therefore to be paid the earnings she would have received, absent discrimination.

79. As a result of Defendants' race discrimination against Ramos Rosario, she is also entitled to injunctive relief in the form of an order to defendants to cease and desist of any further discriminatory treatment against her. The UPRC and codefendants have engaged in unlawful employment practices and have discriminated and taken adverse employment actions against Ramos Rosario on account of her Race.

80. As a result of Defendants' discriminatory actions, Ramos Rosario is entitled to back pay, compensatory and punitive damages, prejudgment interest, reasonable attorney's fees, and court costs, as well as front pay, in an amount of no less than $500,000.000.

81. Because Defendants' discriminatory practices were malicious and/or carried out with reckless disregard and indifference to her federally protected right to be free from discrimination and retaliation based on race, Ramos Rosario is entitled to punitive damages inasmuch as such reckless disregard for federally protected rights constitutes a willful violation of Title VII.

82. Defendants' actions have caused Plaintiff emotional and economic damages.

83 As a result of her employer's and codefendants' discriminatory acts and omissions, Plaintiff is entitled to back pay, front pay compensatory and punitive damages, prejudgment interest, reasonable attorney's fees. Her damages are calculated in an amount of no less than $1,000.000.00.

## VI. THIRD CAUSE OF ACTION
### Retaliation[1]

84. Ramos Rosario repeats and incorporates each and every preceding allegation as if fully set forth herein.

85. Ramos Rosario engaged in protected conduct under the ADEA, Title VII and Act No. 115 when she opposed discriminatory practices by complaining and filing administrative charges of age discrimination and race discrimination before the EEOC.

86. As a result of Ramos Rosario' assertion of her rights, she was subjected to a slew of adverse employment actions, including denial of a full time temporary appointment, assignments of less credit courses resulting in a loss of salary, denial of assignment of specialized courses and online courses designed and created by her.

87. Other professors with less seniority and lesser qualifications than Ramos Rosario did not receive a reduction in their full time or part time appointments.

88. Codefendants Méndez Tejeda, Perez Ayala and Meza Pereira knew or should have known that Martinez Rosado's acts and omissions affecting plaintiff's

---

[1]Separately under the ADEA, Title VII and Puerto Rico Law No. 115.

terms and conditions of employment based on age and race discrimination were in violation of the law and failed to instruct him to cease and desist his discriminatory actions against Plaintiff even though they knew of the EEOC complaint submitted by Plaintiff.

89. Defendants' conduct against Ramos Rosario constitutes retaliation in violation of the ADEA, Title VII and Puerto Rico Law No. 115.

90.    As a result of defendants' retaliation against Ramos Rosario, UPRC, Martinez Rosado and the other defendants are liable to Ramos Rosario for all emotional and economic damages, as well as double the economic damages proximately caused to her together with an award of costs and reasonable attorney's fees.

## VIII. DEMAND FOR JURY TRIAL

91.    Ramos Rosario repeats and incorporates each and every preceding allegation as if fully set forth herein.

92.    Ramos Rosario hereby demands that all her causes of action be tried before a Jury.

## IX.  PRAYER

Wherefore, premises considered, Ramos Rosario demands judgment against UPRC and all defendants for the following:

1. Enter Judgment against <u>defendants</u> in an amount of not less than $2,500,000.00.00, for compensatory, punitive, back pay, front pay and double damages.

2. Award Plaintiff costs, interests, expenses, and attorney's fees, as provided by law.

3. Plaintiff requests any and all other remedies appropriate under the law or in equity, injunctive relief, and any other remedy available.

4. Preliminary and permanent injunctive relief, enjoining defendants from engaging in such unlawful conduct.

5. Prejudgment interests.

6. Any other relief this court may deem proper.

In San Juan, Puerto Rico, this 26th. day of November 2021.

RESPECTFULLY SUBMITTED.

**S/VICTOR A. RAMOS RODRIGUEZ**
VICTOR A. RAMOS RODRIGUEZ
USDC # 130202
P.O. BOX 9465 PLAZA CAROLINA STA.
CAROLINA, PUERTO RICO 00988-9465
TEL. 787-753-4241; FAX. 787-680-0163
abogpr@aol.com